UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JENNIFER EVA BEASTER,

           Plaintiff,

                                      Case No. 21-cv-0373-bhl

   v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security Administration,

           Defendant.

## DECISION AND ORDER

      Plaintiff Jennifer Eva Beaster seeks the reversal and remand of the Acting Commissioner of Social Security's decision denying her application for Disability Insurance Benefits (DIB) under the Social Security Act. For the reasons set forth below, the Acting Commissioner's decision will be affirmed.

### PROCEDURAL BACKGROUND

      Beaster applied for DIB on April 3, 2015. (ECF No. 16 at 1.) Her claim was denied initially, on reconsideration, and following a hearing before an administrative law judge (ALJ). (*Id.*) But on October 16, 2019, the Appeals Council remanded the case to address two errors in the ALJ's decision. (*Id.* at 1-2.) A new hearing took place before a new ALJ on April 21, 2020. (*Id.* at 2.) About three months later, the new ALJ issued his decision, also denying Beaster's claim. (*Id.*) This time, the Appeals Council denied Beaster's request for review, so she filed this action in federal court. (*Id.* at 3.)

### FACTUAL BACKGROUND

      At the time of her second hearing in April 2020, Beaster was 53 and living with her husband in Kaukauna, Wisconsin. (ECF No. 13-1 at 94.) She testified that a combination of post-traumatic stress disorder (PTSD) and anxiety had made her uncomfortable leaving the house. (*Id.* at 98.) In fact, according to Beaster, her agoraphobia had gotten so bad that the COVID-19 lockdowns had "not affected [her] whatsoever or changed [her] life." (*Id.*) Based on her testimony and the record

evidence, the ALJ found that Beaster had the following severe impairments: "gout; hypertension; anxiety disorder/agoraphobia." (*Id.* at 27.)

## LEGAL STANDARD

The Acting Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. §405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). The Supreme Court has instructed that "the threshold for such evidentiary sufficiency is not high." *Id.* In rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (citation omitted).

In reviewing the entire record, this Court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943)).

## ANALYSIS

Beaster argues for remand because: (1) the ALJ improperly discounted the opinions of Ashley Callaway and Dr. Steve Krawic; (2) the residual functional capacity analysis failed to address a moderate limitation in adapting and managing oneself; and (3) the Acting Commissioner holds her position on an illicit basis. Because none of these represents a good reason to upset the Acting Commissioner's decision, that decision will be affirmed.

**I.    The ALJ Properly Explained Why He Afforded the Opinions of Callaway and Dr. Kraweic Less Weight.**

For claims filed before March 27, 2017, an ALJ's evaluation of opinion evidence is governed by 20 C.F.R. Section 404.1527. According to Beaster, the ALJ in her case violated this provision when he failed to consider relevant factors and give good reasons for discrediting the opinions of Ashely Callaway and Dr. Steve Kraweic.

Although Beaster lumps them together, different standards apply to opinions offered by a physician's assistant like Callaway and an examining physician like Dr. Kraweic. Under the

regulation applicable to Beaster's claim—Social Security Ruling (SSR) 06-03—Callaway is an "other source." This means she is not an "acceptable medical source," and her opinion "cannot establish the existence of a medically determinable impairment." SSR 06-03. An ALJ considering such an opinion need only "generally . . . explain the weight given . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning." 20 C.F.R. §404.1527(f)(2). The ALJ in this case cleared that very low bar. He explained that Callaway's own treatment notes contradicted the extreme limitations she assessed in her opinions. (ECF No. 13-1 at 33.) The mismatch between the mild and moderate limitations she identified and the per se disabling accommodations she recommended would undermine even a treating physician's opinion, to which the regulations afford special deference. *See Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (A treating physician's opinion "may be discounted if it is internally inconsistent."). Given that, the ALJ reasoned that a physician's assistant's inconsistent opinion deserves, at most, "limited weight." (ECF No. 13-1 at 33.) The Court has no trouble "follow[ing] [his] reasoning." 20 C.F.R. §404.1527(f)(2).

As for Dr. Kraweic, as an examining physician, he is an "acceptable medical source" under SSR 06-03. A different regulation, 20 C.F.R. Section 404.1527(c), sets forth the factors ALJs must consider "in deciding [what] weight" to afford an opinion from this kind of source. Beaster points out that the ALJ's decision does not directly address most of these factors. But that is not fatal. "An ALJ may discount [even] a treating physician's opinion if it is inconsistent with the opinion of a consulting physician . . . as long as he *minimally articulates* his reasons for crediting or rejecting evidence of disability." *See Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) (internal quotations and citations omitted) (emphasis added). Courts read an "ALJ's decision as a whole," and affirm when any part of that decision articulates a sufficient basis to discredit an expert's opinion. *See Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004). In this case, in the paragraph specifically pertaining to Dr. Kraweic, the ALJ wrote only: "his opinions base[d] primarily on the claimant's subjective reports, including his inference to avoid workplace changes and stresses, are not supported by the record as a whole." (ECF No. 13-1 at 33.) Standing alone, this single statement does not articulate much. But previous passages enunciate the discrepancies between the record evidence and Beaster's own characterization of her anxiety and agoraphobia. For example, during the same period where she reported increased agoraphobia, Beaster also

admitted to taking road trips to Michigan and doing some shopping. (*Id.* at 31.) Treatment notes reflected that, at checkups, her symptoms were either not present or mild. (*Id.*) Consultative examiners described her as "polite" and "focused." (*Id.*) And records since 2015 did not indicate any psychiatric referrals or recommendations for increased treatment. (*Id.* at 32.) The ALJ did not need to rehash this litany of evidence to explain why it undermined Dr. Kraweic's significantly more restrictive opinion.

## II. The ALJ Reasonably Incorporated a Moderate Limitation in Adapting and Managing Oneself.

Beaster next argues that the ALJ's decision is internally inconsistent—the decision acknowledges a moderate limitation in Beaster's ability to adapt and manage herself but proceeds to state that she has the residual functional capacity (RFC) to "adapt to changes." (ECF No. 13-1 at 30.) An ALJ must build a "logical bridge" from evidence to RFC. *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005). And a bridge to an RFC is not "logical" if previously assessed limitations do not make it across. *See Winsted v. Berryhill*, 923 F.3d 472, 476-77 (7th Cir. 2019) (remanding where an ALJ's RFC did not incorporate a limitation in concentration, persistence, and pace). That said, the claimant bears the burden of establishing the necessity of her preferred accommodation. *See Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018) (holding that the claimant must "establish not just the existence of [her] conditions, but . . . that they support specific limitations affecting her capacity to work"). An ALJ who agrees that a claimant is limited in some capacity is not consequently bound to fashion a made-to-order RFC. The accommodations must, of course, address any identified limitations, but as long as they do, they may satisfy the substantial evidence standard without also satisfying the claimant herself.

In this instance, the ALJ based his RFC on the opinions of state agency medical consultants Dr. Beth Jennings and Dr. Stacey Fiore, which he afforded "some weight" because they were "generally persuasive." (ECF No. 13-1 at 32.) As with the ALJ, both doctors assessed moderate limitations in Beaster's ability to adapt and manage herself. (*Id.* at 133, 145.) But they then elaborated in the narrative section of their reports. Dr. Jennings wrote: "[Beaster] report[ed] on her ADL form that [she] doesn't handle changes in routine well. She would be suited for work that does not require changing tasks from day to day but rather fairly regular set of job duties and expectations." (*Id.* at 133.) Similarly, Dr. Fiore wrote: "[Beaster] is able to tolerate simple changes in routine, avoid hazards, travel independently, and make/carry out simple plans." (*Id.* at 145.) An ALJ may reasonably rely on these kinds of narratives when, as here, they adequately translate

checkbox observations. *See Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021). Incorporating Drs. Jennings' and Fiore's opinions, the ALJ found that Beaster was "limited to simple work related decisions and [could] adapt to changes within a *routine* work setting." (ECF No. 13-1 at 30-31) (emphasis added). He also permitted her to be off task "up to 10 percent of the workday." (*Id.* at 31.) These accommodations are consistent with both the consultants' narratives as well as a moderate limitation in the ability to adapt and manage oneself. They, therefore, satisfy the substantial evidence standard.

### III. The Removability of the Acting Commissioner of Social Security is Not a Reason for Remand.

Last, Beaster argues that the ALJ lacked the authority to adjudicate her claim because any authority he had was derived from the Acting Commissioner of Social Security, who holds office on a constitutionally illicit basis. The parties agree that 42 U.S.C. Section 902(a)(3), which limits the President's authority to remove the Acting Commissioner without good cause, violates the separation of powers principle articulated in *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). (ECF No. 27 at 16-17.) But even where an unconstitutional removal restriction exists, a plaintiff cannot obtain retrospective relief without showing that the "unconstitutional provision . . . inflict[ed] compensable harm." *Collins v. Yellen*, 141 S. Ct. 1761, 1789 (2021). "[T]he unlawfulness of the removal provision does not strip [an official] of the power to undertake the other responsibilities of [her] office." *Id.* at 1788 n.23. In other words, to obtain remand, Beaster must show that the improper removal restriction actually harmed her. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 849-50 (9th Cir. 2022). She can make no such showing.

Moreover, "[e]very court that has addressed the merits of [Beaster's] constitutional claim has rejected it." *Robinson v. Kijakazi*, No. 21-cv-238-SCD, 2022 WL 443923, at *7 (E.D. Wis. Feb. 14, 2022) (collecting cases). This Court will join that expanding list. Because Beaster cannot show compensable harm, remand is unwarranted.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that pursuant to sentence four of 42 U.S.C. §405(g), the decision of the Acting Commissioner of the Social Security Administration is **AFFIRMED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 6, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
